MIDDLETON v. ATKINS, and others.

Petition in debt cannot be maintained where an averment is necessary to show the right of action : but if an averment is made where it is wholly unnecessary, it may be rejected as surplusage.

Error to the Platte Circuit Court.

*Wood for Plaintiff.*

1st. That the general statement of the petition, that the plaintiff is the legal owner of a note against the defendants, Joseph Atkins and John A. White, &c., includes an averment, that Joseph Atkins and John A. White made the note by the name and description of "Atkins & White."

2d. That if the averment in the petition was unnecessary, it can only be regarded as surplusage, and may be rejected.

3d. That the action by petition in debt may be maintained on any *note or bond for the direct payment of money, without any condition, collateral or alternative,* of which the plaintiff is legal owner.

4th. That this form of action may be maintained by or against partners. Lee & Remington v. Hunt & Paddock, 6 vol. Mo. Rep. 163; Curle v. McNutt, 6 vol. Mo. Rep. 495; Curle v. Pettis, 6 vol. Mo. Rep. 497; 4 Monroe, 526; Johnston v. Ellison; Rochester v. Trotter, 4 Bibb; Kinsman v. Castleman & Co., 1 Monroe, 210.

*SEPT'R TERM, 1841.*

*Middleton v. Atkins.*

### Baldwin for Defendants.

The decision of the court below in sustaining the demurrer, was correct, and the petition, *in this case*, was defective, because of the averment contained therein, that the note was made and executed by Joseph Atkins and John A. White, under the name and style of Atkins & White.

The principle, that no averments are allowable in this form of action, is so well established by the decision of this and the court of Kentucky, upon the subject, that it is unnecessary to refer specially to them.

### Opinion of the Court by Tompkins, Judge.

Middleton sued the defendants by petition in debt. The petition is in these words, viz : " Reuben Middleton, the plaintiff, states that he is the legal owner of a note against the defendants, Joseph Atkins, John A. White, Mark McCausland, and Mathew M. Hughes, to the following effect : One day after date, we promise to pay George W. Burnett & Co., sixteen hundred and seventy dollars and fifty-nine cents, with ten per cent. interest thereon from this date until paid. Value received. 26th March, 1841.

ATKINS & WHITE,

MARK McCAUSLAND,

MATHEW M. HUGHES.

And the said plaintiff avers. that the said Joseph Atkins and John A. White, by the name and description of Atkins and White, made, executed, and delivered the said note, to wit, at the county of Platte aforesaid, on which is the following assignment : Pay to Reuben Middleton,

GEORGE W. BURNETT & Co.

20

Middleton
v.
Atkins.

By virtue of which the plaintiff has become the proprietor,
&c."

The defendants demurred to this petition, and judgment being given for them on the demurrer in the circuit court, the plaintiff brings up the cause on writ of error. The case of Wood and others v. Hunt and Paddock, shows that in the opinion of this court the averment made in this cause was useless. It was the unanimous opinion of the court that the statement in the petition, that the plaintiffs are the legal owners of the note or bond, includes the averment that the note set out was executed to the plaintiffs by the partnership name.

Petition in debt cannot be maintained where an averment is necessary to show the right of action : but if an averment is made where it is wholly unnecessary, it may be rejected as surplusage.

In two cases it was decided by this court that petition in debt cannot be maintained on any instrument of writing if an averment be necessary to show the right of action. These two cases are Curle v. McNutt, and Curle v. Pettis. Both cases are decided on the authority of the Kentucky courts. Our law being borrowed from Kentucky, we consider the decisions of the courts of that state as of the highest authority. The first case above mentioned was a suit on a note without a date, the second was a suit on a note for a sum of money for the hire of a negro, for clothing and returning the said negro on the expiration of the term. In the one case it became necessary to aver when the note was made, in the other, to aver that the clothing was not furnished, and the negro not returned, in case of neglect to do either ; and it was the opinion of the Kentucky courts, that the holder of such a note as the last, could not sue on part of a contract viz: for the money alone ; so he could not sue either on that note or the first mentioned note in the statutory action, in each it being necessary to make an averment.

The averment here made, it has been shown, is mere surplusage, that may be expunged without any injury to the rest of the matter in the petition, and therefore it does not vitiate it ; it does not alter the character of the instrument sued on. It is the character of the instrument which determines the right of the plaintiff to use this form of action; and he cannot then lose this right, because he has negligently inserted this idle averment in the petition.

The judgment of the circuit court ought, in my opinion, to be reversed, for the reasons above given; and the other members of the court concurring in the opinion that the circuit court committed error in sustaining the demurrer, its judgment is reversed, and the cause will be remanded for further proceedings therein.